# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Darwin Dwight Roots,<br><br>Plaintiffs.<br>v.<br><br>American Marine Liquidators, Inc.,<br><br>Defendants. | Civil Action No. 0:12-cv-00602-JFA<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT AGAINST DEFENDANT AMERICAN MARINE LIQUIDATORS, INC.** |

This matter came before the Court for an evidentiary damages hearing on July 16, 2012, following the entry of default against Defendant American Marine Liquidators, Inc. [Doc. 9]. Plaintiff Darwin Dwight Roots was represented at the damages hearing by Attorney Susan F. Campbell of McGowan Hood & Felder, LLC. Plaintiff and his wife, Shannon Roots, testified at the damages hearing. Plaintiff also filed an attorney's fee and cost affidavit of Susan F. Campbell. Based on the uncontroverted evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. American Marine Liquidators, Inc. was found to be in default in this action on May 31, 2012 [Doc. 9];

2. American Marine Liquidators, Inc., by and through its employee identified as "Sal," abused Plaintiff by the following actions:

    a. calling Mr. Roots' home in the early morning hours and repeatedly at work, even after being asked not to;

    b. repeatedly calling Mr. Roots' children and telling them that their father and other family members will go to jail; and

    c. threatening to offer a reward to neighbors for information about Mr. Roots and/or the boat.

1

3. As a result of this conduct, Plaintiff testified that he lost sleep and was highly upset and nervous from January through February, 2012. A large part of Plaintiff's anxiety resulted from his reaction to Defendant's repeated contact with Plaintiff's young children and with Plaintiff's co-workers.

4. Plaintiff suffered from loss of sleep and had constant irregular blood sugar test strips, which caused him physical and mental pain for a period of two months. Plaintiff's wife, Shannon Roots, testified that her husband is normally even tempered but that the phone calls and concern about the children and his job evoked a strong physical and emotional reaction from her husband.

5. Plaintiff testified that after his manager learned that Plaintiff was getting repeated collection calls at work, they treated him differently which caused him to seek out other employment. Plaintiff took a new job in April, 2012, which resulted in a pay reduction of $2.00 per hour for a period of 52 weeks. He works 40 hours each week, for a total loss of income in the amount of $ 4,160.

## CONCLUSIONS OF LAW

1. Plaintiff has sustained actual damages as follows: $12,500 representing emotional damage and $4,160 representing lost wages.

2. Defendant American Marine Liquidators, Inc. remains in default and Plaintiff is therefore entitled to a default judgment against it. Defendant is deemed to have admitted the facts and violations of law as alleged in the complaint.

3. Plaintiff has standing to sue for violation of the Fair Debt Collection Practices Act (FDCPA) under 15 U.S.C. § 1692k(a).

4. American Marine Liquidators, Inc. violated the FDCPA, specifically §§ 1692c(a)(1), 1692c(b), 1692d(1), 1692d(2), 1692d(5), and 1692e(4)-(5).

5. 15 U.S.C. § 1692k(a)(1) allows a plaintiff to recover "any actual damage sustained" due to a debt collector's violation of the FDCPA.  Personal humiliation, embarrassment, marital discord, and mental anguish may be recovered as actual damages for violations of the FDCPA.[1]  The Court finds the evidence presented is sufficient to support the actual damages proven in open court.

6. Statutory damages may also be awarded without regard to actual damage, up to $1,000.  *See* 15 U.S.C. § 1692k(a)(2)(A).

7. The award of reasonable costs and fees is required under the FDCPA.  *See* 15 U.S.C. § 1692k(a)(3).

**IT IS HEREBY ORDERED:**

1. Plaintiff is granted a default judgment against Defendant American Marine Liquidators, Inc.

2. Plaintiff Darwin Dwight Roots is awarded statutory damages under the FDCPA in the amount of $ 1,000.

3. Plaintiff is awarded total actual damages in the total amount of $ 16,660, of which $ 12,500 represents emotional damage and $ 4,160 represents Plaintiff's lost wages.

---

[1] The FDCPA's drafters were greatly concerned about emotional harms inflicted by abusive debt collectors. The Congressional findings note that abusive debt collection causes "marital instability" and "invasions of individual privacy" along with economic harms like "personal bankruptcies" and "loss of jobs." 15 U.S.C. § 1692(a). The Senate Committee noted that abusive debt collectors cause "suffering and anguish." S. Rep. 95–382, at 2, U.S.Code Cong. & Admin. News 1977, pp. 1695, 1696. The Committee expressed concern about practices that take a primarily emotional toll, such as using "obscene or profane language, threats of violence, telephone calls at unreasonable hours, . . . [and] disclosing a consumer's personal affairs to friends, neighbors, or an employer." *Id.*  Courts construing the FDCPA have noted Congress's concern for emotional harms. *See Crossley v. Lieberman*, 90 B.R. 682, 692 (E.D.Pa.1988); *Teng v. Metropolitan Retail Recovery, Inc.,* 851 F.Supp. 61, 68–70 (E.D.N.Y.1994).

4. Based on the evidence, then, a money judgment is awarded to Plaintiff in the total amount of $ 17,660.

5. The FDCPA provides that a prevailing party is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Plaintiff's counsel submitted an affidavit, admitted during the July 16, 2012 hearing, detailing her rate and the hours spent on this case. Based on Ms. Campbell's Attorney Fee Affidavit, Plaintiff is additionally awarded attorney fees and costs under the FDCPA in the amount of **$** 2,262.66.

6. Post-judgment interest on this judgment shall be at the rate set forth in 28 U.S.C. § 1961, to run from the date of entry of this judgment.

IT IS SO ORDERED.

*[Signature: Joseph F. Anderson, Jr.]*

August 1, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

4